UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRY GRAHAM,

    Plaintiff,

v.

    Civil Case No. 17-13468
    Honorable Linda V. Parker

EVEREST NATIONAL
INSURANCE COMPANY,

    Defendant.
_____/

# OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 7)

This matter is before the Court, removed from the Circuit Court for the County of Washtenaw in the State of Michigan, pursuant to 28 U.S.C.A. §§ 1332, 1441, and 1446. (ECF No. 1.) Plaintiff Barry Graham initiated the action against Defendant Everest National Insurance Company for breach of contract arising from Defendant's failure to pay for medical expenses, wage loss, and other benefits provided under the parties' no-fault auto insurance policy. (ECF No. 1-2.)

Presently before the Court is Defendant's motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56. (ECF Nos. 7, 8.) Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). (ECF Nos. 7, 8, 9, 10.)

1. **Factual Background**

On September 24, 2016, Plaintiff applied for a no-fault auto insurance policy with Defendant. (ECF No. 7 at PgID 66-67.) The application required that all household members age 14 or older be listed because the total policy premium could be affected by that information. (*Id.*) In Plaintiff's application, the question concerning whether all members of the household age 14 or older were identified was marked in the affirmative. (*Id.* at PgID 8.) Additionally, the application contained a clause whereby the Plaintiff agreed that if he "***intentionally*** conceal[ed] or misrepresent[ed] a material fact or circumstance relating to the insurance, the policy shall be null and void." (*Id.* (emphasis added).)

At the time of the policy's inception, Plaintiff had a daughter, Alyssa Davis, who had recently turned 15 years old. (*Id.*) Although Plaintiff included two other individuals—Kelly Davis, his girlfriend, and Angel Davis, their daughter—Alyssa Davis, their other daughter, was not identified on the application. (*Id.*) Upon the Plaintiff e-signing the application and submitting it to Defendant who issued a policy and premium rate based on the information contained within, the policy was effective on September 25, 2016. (*Id.* at PgID 9.)

On October 3, 2016, Plaintiff was involved in an auto accident in which he sustained severe injuries, including multiple fractures to his right foot and left hand. (*Id.*; ECF No. 9 at PgID 190.) Thus, he sought Michigan First Party No-

Fault benefits from Defendant. Once Defendant learned of the insurance claims, it began an investigation which revealed that a member of Plaintiff's household, his daughter Alyssa, was not included on the auto insurance application. (ECF No. 7 at PgID 9.) Upon discovering this information and believing it to be a material misrepresentation, Defendant rescinded Plaintiff's auto insurance policy and refunded Plaintiff the previously paid premium. (*Id.* at PgID 12-13.)

Plaintiff claims, however, that he did not complete the application himself but was assisted entirely by a representative of Defendant's. (ECF No. 9 at PgID 194.) Plaintiff also claims that the only portion of the application that he completed manually was digitally signing the application. (*Id.*)

2. **Summary Judgment Standard**

Summary judgment, pursuant to Federal Rule of Civil Procedure 56, is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of

an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255.

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id*. at 323. Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

### III. Applicable Law & Analysis

Michigan's contract law recognizes common-law doctrines that *may* entitle a party to a legal or equitable remedy if a contract is obtained as a result of fraud or

misrepresentation. *Titan Ins. Co. v. Hyten*, 817 N.W.2d 562, 567-68 (Mich. 2012). Fraud requires, *inter alia*, that a party "made a material misrepresentation." *Id.* (listing fraud elements: (1) a material representation was made; (2) it was false; (3) it was known to be false or stated recklessly; (4) it was made with the intent to be relied upon; (5) it was relied upon; and (6) because of the reliance, an injury occurred). The absence of any element is fatal to recovery. *Id.* Here, the Court finds dispositive to the instant summary judgment motion the question of whether Plaintiff made a misrepresentation.

Defendant contends that Plaintiff made a misrepresentation by affirming that he listed all his household members on his auto insurance application. (ECF No. 7 at PgID 72.) Plaintiff, however, claims that he did not prepare the insurance application but responded to questions asked by Defendant's representative. (ECF No. 9 at PgID 196.) Also, Plaintiff claims that he informed Defendant's representative that his daughter Alyssa lived in his home but would not be driving or otherwise using the vehicle subject to the policy. (*Id.* at PgID 197.) He further claims that Defendant's representative responded that it was not necessary to list her on the policy. (*Id.*) Therefore, Plaintiff contends that he neither made a

misrepresentation nor demonstrated any intent to make a misrepresentation on his auto insurance policy with Defendant[1].  (*Id.*)

Defendant relies on Michigan cases that do not align with or apply to the present circumstances.  For example, the plaintiff in *Cunningham* "deliberately and intentionally falsified his application for insurance."  *Cunningham v. Citizens Ins. Co. of Am.*, 350 N.W.2d 283, 284 (Mich. Ct. App. 1984).  The *Cunningham* court also noted how it aligned with a prior case, *State Farm Mutual Automobile Ins. Co. v. Allen*, asserting a court's authority to declare a policy inoperative due to fraud.  *Id.* at 285.  In *State Farm*, however, "there was no mistake or ministerial error but, rather, an outright lie."  *Id.*  These circumstances—an outright lie—are not present in the instant case.  Defendant fails to persuade the Court that Plaintiff indeed made a misrepresentation.

Defendant argues that it has a contractual right to rescind the auto insurance policy pursuant to its terms.  Defendant points to an agreed upon clause stating: "I agree that if I *intentionally* conceal or misrepresent a material fact or circumstance relating to the insurance, the policy shall be null and void."  (ECF No. 7 at PgID 79

---

[1] Plaintiff's assertions are supported by his affidavit and are not inconsistent with his prior deposition testimony; rather, his affidavit adds further detail to his previous testimony. Consequently, the Court will not strike the affidavit nor refuse to consider the assertions within. *See Liberty Lobby*, 477 U.S. at 255 (The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor).

(emphasis removed).) Although the language of the provision specifically and clearly requires intent, Defendant argues that the Court should hold that intentional misrepresentations should also encompass "innocent" misrepresentations. The Court declines to do so. Moreover, if the Court chose to enforce the contract and its unambiguous terms, Defendant's summary judgment motion fails because Defendant failed to demonstrate any intent on behalf of Plaintiff to conceal or misrepresent any fact or circumstance related to the insurance policy.

Furthermore, Defendant argues that Plaintiff's intent in making a misrepresentation is irrelevant under Michigan common law because Plaintiff could be found liable under the common-law doctrine of innocent misrepresentation. Innocent misrepresentation, however, requires "consequences to the plaintiff being as serious as though it had proceeded from a vicious purpose." *Titan Ins. Co.*, 817 N.W.2d at 568. The Court is not persuaded that providing Plaintiff coverage, as argued by Defendant, constitutes an injury; rather, the injury is more reasonably the loss in an additional premium that Defendant would have required if Plaintiff's daughter were listed on the auto insurance application. Defendant makes no claim that Plaintiff would have been denied auto insurance had his daughter been listed as a non-driver on the policy.

Thus, the Court does not recognize providing coverage as the requisite injury to sustain a claim of innocent misrepresentation. The Court will recognize

the loss in premium, which Defendant claims to be $790, as a suffered injury. (ECF No. 8 at PgID 179.) This injury may support a finding of some legal or equitable remedy; however, it does not support a grant of Defendant's summary judgment motion thereby permitting rescission of the subject insurance policy.

The Court concludes that genuine disputes—questions upon which a reasonable jury could differ—exist, *i.e.,* whether Plaintiff made a misrepresentation and whether that misrepresentation was intentional (intent being required by the language in Defendant's auto insurance application). Therefore, the Court holds that genuine disputes of material facts exist and preclude granting Defendant summary judgment.

## IV. Conclusion

For the reasons set forth above, the Court denies Defendant summary judgment, pursuant to Federal Rule of Civil Procedure 56.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment (ECF No. 7) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 18, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 18, 2019, by electronic and/or U.S. First Class mail.

                s/ R. Loury
                Case Manager